JOURNAL ENTRY AND OPINION
{¶ 1} Appellant James Edinburgh appeals the trial court's decision to classify him as a sexual predator. He assigns the following error for our review:
 "I. The trial court erred when it classified Appellant as a sexual predator."
 {¶ 2} Having reviewed the record and applicable law, we affirm Edinburgh's classification as a sexual predator.
 {¶ 3} A jury found appellant guilty of rape with a firearm specification, kidnapping with a violence specification, and aggravated robbery with a firearm specification following a trial in 1988. The charges arose out of Edinburgh and his nephew kidnapping a man and woman at gunpoint from a bus shelter, forcing them into a stairwell next to a church, robbing them, and then raping the woman vaginally. There was also testimony in the trial that Edinburgh, prior to raping the female victim, had forced the male victim to perform oral sex on him. Edinburgh denied sexually assaulting either victim.
 {¶ 4} Edinburgh was sentenced to a term of 43 to 100 years in prison for these crimes. Edinburgh served 18 years of this sentence and was then recommended for parole. The state petitioned the court that Edinburgh be adjudicated a sexual predator and, pursuant to R.C.2950.09, a hearing was scheduled. Prior to the hearing, Edinburgh was referred to the Court Psychiatric Clinic for examination. The sexual predator hearing was conducted on February 16, *Page 4 
2006. Based on the evidence presented at the hearing, the trial court classified Edinburgh as a sexual predator.
Sexual Predator Classification {¶ 5} In his sole assignment of error, Edinburgh argues the trial court erred by classifying him as a sexual predator because the state failed to present clear and convincing evidence that he was likely to commit another sexual offense in the future. We disagree.
 {¶ 6} A trial court may find that an individual is a sexual predator only if clear and convincing evidence shows that the individual has been convicted of a sexually-oriented offense and is likely to re-offend.State v. Krueger.[1] Further, "clear and convincing evidence is that measure or degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford[2]
 {¶ 7} In determining whether an offender is a sexual predator, the court shall consider all relevant factors to determine whether such evidence is sufficient to support the finding that the individual is likely to engage in future sex offenses. See *Page 5 
R.C. 2950.09(B)(2). These factors include, but are not limited to: the offender's age and prior criminal record, the age of the victim, whether the sex offense involves multiple victims, whether the offender used drugs or alcohol to impair the victim of the sex offense, whether the offender completed a sentence for any conviction, whether the offender participated in any available program for sex offenders, any mental disease or disability of the offender, whether the offender engaged in a pattern of abuse or displayed cruelty toward the victim, and any other behavioral characteristics that contribute to the sex offender's conduct. R.C. 2950.09(B)(3)(a) through (j).
 {¶ 8} The Ohio Supreme Court has held that the trial court "should consider the statutory factors listed in R.C. 2950.09(B)(2), and should discuss on the record the particular evidence and factors upon which it relies in making its determination regarding the likelihood of recidivism." State v. Eppinger[3]
 {¶ 9} Prior to the sexual predator determination hearing, Edinburgh was examined by Dr. Michael Aronoff, chief of psychology at the Common Pleas Court Psychiatric Clinic. Dr. Aronoff prepared a sexual predator evaluation that included a clinical interview with Edinburgh, utilization of the Static-99 examination, and a review of Edinburgh's records including prosecution files and prison records. *Page 6 
 {¶ 10} Dr. Aronoff considered Edinburgh's lengthy criminal history beginning with his juvenile violations and continuing through an increasingly violent criminal history as an adult. Edinburgh was additionally given the Static-99 test to evaluate his rates of sex offense recidivism. The Static-99 is an actuarial instrument designed to estimate the probability of sexual recidivism among adult males convicted of at least one sexual offense. The factors are historical in nature and cannot be changed by intervention. Edinburgh scored a "6" on this test, which placed him in the "high" risk category for sexual re-offending. Dr. Aronoff explained that Edinburgh's score indicated that of 100 individuals who scored the same as him, 39% had a chance of sexual re-offending in five years, 45% had a chance of sexual re-offending in 10 years, and 52% had a chance of sexual re-offending in 15 years. The test is a statistical expectation of sexual recidivism among people like Edinburgh, not a specific prediction of Edinburgh's chance of sexual recidivism.
 {¶ 11} In his interview with Dr. Aronoff, Edinburgh continued to deny that he committed the acts and placed the blame on his nephew. Edinburgh denied having sexual contact with either the male or the female victim. He denied robbing the victims, stating that he was at the scene making sure the police were not coming down the street. As to the kidnapping charge, Edinburgh told the doctor he was only guilty because he was there and did not stop it.
 {¶ 12} Having this information before it, and before making a sexual predator determination, the trial court read through each of the factors as outlined in R.C. *Page 7 2950.09 and stated what evidence, if any, related to each factor. The court noted Edinburgh's four prior juvenile convictions and nine adult felony convictions. The court pointed out that Edinburgh's criminal behavior became more violent over time, that he did not respond to criminal sanctions in the past, and that he showed no remorse for the most recent offenses which were his worst. The court noted that Edinburgh's conduct during the sexually-oriented offense involved cruelty, citing the kidnapping and brutal rape of the female victim at gunpoint.
 {¶ 13} Based on the evidence presented and the court's full review and clear statement of each applicable factor, we find that the evidence was clear and convincing, and sufficient to prove that Edinburgh was likely to engage in one or more sexually-oriented offenses in the future, and was properly labeled as a sexual predator.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed. The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 8 
PATRICIA ANN BLACKMON, JUDGE
MARY EILEEN KILBANE, P.J., and ANN DYKE, J., CONCUR
[1] (Dec. 19, 2000), Cuyahoga App. No. 76624, citing R.C. 2950.01(E), R.C. 2950.09(B)(3).
[2] (1954), 161 Ohio St. 469, at paragraph three of the syllabus.
[3] 91 Ohio St.3d 158, 166, 2001-Ohio-247. *Page 431